ELLEN GLEASON, RESPONDENT, v. JOHN F. PEASE · AND OTHERS, APPELLANTS.

*Apprentices — indenture of — chap. 934 of 1871 — breach of — costs in action for — Code, § 306*

An action to recover damages for a breach of an indenture given upon taking an apprentice as required by chapter 934 of 1871, and to procure the same to be delivered up and canceled, falls within the class of actions provided for by section 306 of the Code, and the costs therein rest in the discretion of the court.

APPEAL from an order made at the Onondaga Circuit, allowing costs of this action to the plaintiff as against the defendants.

The complaint alleged that Thomas. Gleason, a minor son of the plaintiff, was indentured in writing, with her consent, to the defendants, who are copartners, to learn the trade of a tinsmith; that the defendants broke the conditions of the indenture and neglected to teach him the art of said trade, whereby the plaintiff was damaged in the sum of $500, and the plaintiff asked judgment that the indenture be delivered up and canceled; that the plaintiff recover of the defendants the sum of $500, with costs, and that a fine of $1,000 be imposed upon the defendants, in pursuance of section 5 of the act

entitled " an act in reference to apprentices and employers," passed 27th May, 1871. At the trial the plaintiff recovered a verdict for thirty dollars damages, and the court thereupon ordered that the plaintiff have judgment therefor, and canceling and annulling the indenture, with costs.

*Ruger & Jenney*, for the appellants.

*Fuller & Vann*, for the respondent.

SMITH, J.:

The appellants' counsel claim that as the plaintiff recovered less than fifty dollars damages, she is not entitled to costs. To determine this point, it is necessary to refer to the provisions of the act, in pursuance of which the action was brought. (L. 1871, ch. 934.) The first section of the act provides that it shall not be lawful in this State to take any minor as an apprentice to learn a trade, without the consent of the minor's legal guardian first obtained, nor unless an indenture be drawn up in writing and executed according to the provisions of the act. Section 2 requires that the indenture shall provide that the minor shall be bound to serve for a term not less than three, nor more than five years; that he shall not leave his employer during said term; and if he does, his return may be compelled under the penalties of the act; and that the employer shall provide suitable and proper board, lodging, and medical attendance for said apprentice, and teach him, or cause him to be carefully and skillfully taught, every branch of the business to which he is indentured, and at the expiration of his term shall give him a certificate of service. The third section provides that any person taking an apprentice without complying with the act shall be guilty of a misdemeanor, and, on conviction in the Court of General or Special Sessions, shall be subject to a fine of not less than $500. By the fourth section it is provided that indentures shall not be canceled before the expiration of their term, except in case of death, or by the order or judgment of the County or Supreme Court for good cause; and an apprentice leaving his employer without his consent or sufficient cause, and refusing to return, may be arrested on complaint of the employer and taken before any magistrate having

jurisdiction of misdemeanors, who may cancel the indenture, and, on conviction, commit the apprentice, etc. The fifth section provides that if an employer neglects or refuses to teach the apprentice the trade, etc., the parent or guardian of the apprentice " may bring an action against said employer or employers to recover damages sustained by reason of said neglect or refusal." The section continues in these words : " and if proved to the satisfaction of the court, said court shall direct the indenture to be canceled, and may impose a fine on said employer or employers not exceeding $1,000 and not less than $100, and said fine shall be collected and paid over to said apprentice or his parent or guardian for his sole use and benefit."

It will be observed that the act makes no provision in respect to costs. If the plaintiff is entitled to costs, her right to them must be found in the general provisions of the Code relating to the costs of civil actions. The argument, on the part of the appellants' counsel, is that the only action given by the act to the parent or guardian is an action to recover damages for a breach of the contract contained in the indentures; that the power of the court to annul the indentures and impose a fine is a mere incident to the right of action ; and that as the action is for the recovery of money for the breach of a contract, it is one of which a Justice's Court has jurisdiction and as the recovery is for less than fifty dollars, the plaintiff is not entitled to costs. If the argument is sound, it follows not only that the plaintiff is not entitled to costs, but that she is liable to pay costs to the defendants (Code, § 305), notwithstanding she has succeeded in recovering damages, and procuring a cancellation of the indentures on account of the neglect and refusal of the defendants to do what the indentures required of them. It seems to me the argument involves a mistaken view of the nature of the action. The power of the court to cancel the indentures is not, as the counsel supposes, a mere incident to the recovery of damages — that is to say, it does not necessarily follow that the indentures are to be cancelled as a consequence of the recovery of a verdict by the plaintiff. That result follows only when the neglect or refusal is proved to the satisfaction of the court. For that purpose the court is to try the question independently of the jury ; and, in weighing the evidence and in ordering or refusing the cancellation of the

indentures, it exercises a well-known branch of equity jurisdiction. In this respect, the remedy given by the act is *sui generis ;* but the power of the legislature to create it is undoubted, and as the statute is remedial, it should be construed in such a manner as to effectuate its intent. We think the case falls within the class of actions provided for by section 306 of the Code, and that costs were properly awarded to the plaintiff in the discretion of the court.

If it be suggested that the fine which the court has power to impose is intended by the act in lieu of costs, the answer is that, by the express terms of the act, the fine is for the sole use and benefit of the apprentice, and the parent or guardian has no right to reimbursement out of it for the expenses of the suit.

Order affirmed, with ten dollars costs of the appeal and disbursements.

Present — MULLIN, P. J., TALCOTT and SMITH, JJ.

Order affirmed, with ten dollars costs of appeal and disbursements.